UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BISI, | No. 2:23-cv-02180-DJC-SCR |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CHASE BANK, NA | |
| Defendant. | |

Plaintiff Gregory Bisi is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Before the Court is Defendant's motion to dismiss (ECF No. 6) and two motions from Plaintiff – a "motion and suit for damages" (ECF No. 2) and a motion to set trial date (ECF No. 16). The Court recommends that Defendant's motion to dismiss be GRANTED with Plaintiff allowed leave to amend. Plaintiff's motions are DENIED.

**I.    Background and Procedural History**

Plaintiff filed this action on October 3, 2023, and on the same date filed his "motion and suit for damages." ECF Nos. 1 & 2. Defendant Chase Bank filed a motion to dismiss on October 30, 2023, and a request for judicial notice. ECF Nos. 6 & 7. The motion to dismiss was taken under submission by Magistrate Judge Barnes on December 12, 2023. ECF No. 17. The parties initially both consented to Magistrate Judge jurisdiction. However, Plaintiff then objected and the

1  matter was primarily assigned to a district judge. ECF No. 24. The case was reassigned to the
2  undersigned as the referral judge on August 6, 2024.

3        Many allegations in Plaintiff's complaint are unclear, and the complaint contains many
4  citations to case law without context. ECF No. 1 at 7-9.[1] But Plaintiff alleges as follows:
5  Defendant has no claim to his property, did not fulfill a contractual obligation to loan Plaintiff
6  money, and has no right to effectuate a seizure of the property. *Id*. at 1. On November 14, 2020,
7  he signed loan documents with Mountain West Financial concerning the property at 2801
8  Huntington Road, Sacramento, California (hereafter the "Property"). Mountain West then sold
9  the loan to Defendant. *Id*. at 2. Plaintiff alleges "upon information and belief" that Chase did not
10 fulfill its obligation to loan the money. *Id.* Plaintiff states he made a Qualified Written Request
11 (QWR) to Chase on May 20, 2023. *Id.* Plaintiff claims he received an acceleration warning and
12 Notice of Intent to Foreclose ("Notice") from Chase on August 11, 2023. *Id.* at 3.

13       Plaintiff claims that when he received the Notice he hired two "certified forensic
14 investigators" to investigate his loan. *Id.* Plaintiff claims his loan was sold into a securitization
15 pool. *Id.* at 5. Plaintiff alleges Chase is not the holder of the note. *Id.* Plaintiff claims that Chase
16 did not loan him money, but instead merely deposited a promissory note and then issued a check.
17 *Id.* at 9-10. Plaintiff alleges in conclusory fashion that he did not "receive full disclosure of
18 material facts" concerning the loan. *Id.* at 10. Plaintiff contends Chase has no right to enforce the
19 debt obligation and seeks as relief release of the mortgage associated with the Property and
20 punitive and compensatory damages.

21       Plaintiff attaches to the complaint documents related to his purported QWR. *Id*. at 17-21.
22 He further includes the Affidavit of Joseph R. Esquivel, Jr., who states he is a private investigator
23 and is submitting the affidavit in support of a Chain of Title Analysis & Mortgage Fraud
24 Investigation. ECF No. 1 at 22-29. Mr. Esquivel claims the debt was not properly securitized
25 and the debt obligation was not properly transferred. *Id.* at ¶¶ 18-19, 32-34.[2]

---

[1] Plaintiff has not numbered the paragraphs in his complaint, so the references are to the page number in the upper right-hand corner generated by the Court's CM/ECF system.

[2] The Court expresses no view at this time on the validity of Mr. Esquivel's opinion, but other courts have observed that: "The Federal Trade Commission describes so-called 'forensic loan

## II. Legal Standards

Defendant moves to dismiss for insufficient service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). Alternatively, Defendant argues Plaintiff should be directed to provide a more definite statement under Rule 12(e). ECF No. 6 at 2-3.

Under Rule 12(b)(5) a defendant may contest the sufficiency of service of process, and if a court finds service was insufficient, it may dismiss the action. *Lammey v. Valdry*, 2021 WL 840436, *2 (C.D. Cal. 2021) citing *Murphy Bros. v. Michetti Pipe, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as a defendant."). When service has been challenged, the plaintiff bears the burden of showing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A return of service is prima facie evidence of valid service. *SEC v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal citation omitted). A defendant may overcome this presumption only by strong and convincing evidence. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

audits' as a technique used by fraudulent foreclosure 'rescue' professionals who use half-truths and outright lies to sell services that promise relief to homeowners in distress." *Hakimi v. Bank of New York Mellon*, 2015 WL 2097872, *4 n.2 (D. Nevada 2015). Chase points out (ECF No. 6 at 25) that several other courts have found Mr. Esquivel to be unreliable. *See McKenzie v. M&T Bank*, 2018 WL 4384164 n.4 (D. Md.) (noting Mr. Esquivel's affidavit contained "misstatements of facts and applicable law" and collecting other cases that had found Mr. Esquivel's reports to contain inaccurate legal conclusions).

3

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Rule 12(e) allows for a motion for more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If the court issues an order requiring more definite statement, and the order is not complied with, the court may strike the pleading. *Id.*; *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

**III.   Analysis**

**A.  Rule 12(b)(5)**

Chase does not appear to contend that it did not receive a copy of the summons and complaint, but rather that the return of service was defective. ECF No. 6 at 14.  Chase was certainly promptly on notice of the action, as it filed its motion just 27 days after the action was initiated.  Plaintiff did file a return of service, which is prima facie evidence of valid service. ECF No. 5.  The return states service was made by certified mail and includes a tracking number, but does not list the address.  *Id.*  Plaintiff also lists himself as the server, which Chase contends is improper under Rule 4(c)(2).  Chase does not argue that service by certified mail was improper. *See Clark v. Andover Securities*, 44 F.App'x 228, 229 (9th Cir. 2002) ("The Federal Rules of Civil Procedure provide that service may be effected in any judicial district of the United States

1  pursuant to the law of the state in which the district court is located . . . California authorizes
2  service by certified mail.  Process was, therefore, properly served on Defendants.") (internal
3  citations and quotations omitted).

4  Plaintiff's opposition offers no specific rebuttal to Chase's Rule 12(b)(5) argument.  ECF
5  No. 10.  Chase is correct that a party to the action cannot serve as the process server.  Fed. R. Civ.
6  P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and
7  complaint."); *see also Yagman v. Galipo*, 2012 WL 5458072 at *2 (C.D. Cal. 2012) (plaintiff did
8  not successfully serve defendant where he delivered the complaint himself).  Although Chase is
9  correct, this technical defect could be cured by Plaintiff merely having someone else serve Chase
10  via certified mail.  In *Yagman* the court stated it would ask defendant to stipulate to service
11  having been effectuated, "given that Plaintiff will otherwise merely serve the Complaint properly
12  in short order, and no progress will have been made." *Id.* Assuming that such a stipulation would
13  be made, the court proceeded to address the substantive merits of the motion.  *Id.*  This Court will
14  take the same approach and proceed to the substantive merits of the motion to dismiss.

15  **B.  Rule 12(b)(6)**

16  In arguing that Plaintiff[3] failed to state a claim, Chase is left to guess at what claim(s)
17  Plaintiff was attempting to assert.  ECF No. 6 at 16-24.  The Court agrees that Plaintiff's
18  complaint fails to put Chase sufficiently on notice of the claims against it and fails to comply with
19  Federal Rule of Civil Procedure 8.  Under Rule 8, the complaint must contain (1) a "short and
20  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
21  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
22  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
23  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

---

[3] The caption of the complaint refers to Plaintiffs Gregory Bisi and Laurie Bisi, however the complaint is only signed by Gregory Bisi for plaintiff**s**.  A pro se litigant cannot represent another person. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (cleaned up).  Accordingly, if this action is brought on behalf of both Gregory and Laurie they must both sign any amended complaint.  The docket sheet currently reflects only Gregory Bisi as plaintiff.  The Court will refer to a singular Plaintiff, Gregory Bisi, herein.

Fed. R. Civ. P. 8(d)(1). Plaintiff's complaint additionally fails to comply with Rule 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Plaintiff's complaint contains no clearly delineated causes of action. Thus, Chase is left to speculate about five potential claims that Plaintiff may be raising. Plaintiff cannot leave the Court and Defendant to guess at what claims are asserted and the factual basis for each cause of action. *See Braun v. Yahoo*, 2018 WL 10809622, *4 (N.D. Cal. 2018) (granting relief under Rule 12(e) and stating: "The Complaint does not contain claims for relief that clearly identify the factual basis for each particular cause of action, and it leaves Defendant guessing as to what causes of action are alleged against it. This does not enable Defendant or the Court to understand the claims with any reasonable certainty."). Chase believes that Plaintiff may be asserting one, or all, of the following claims: 1) wrongful foreclosure; 2) cancellation of instrument; 3) fraud; 4) breach of contract; and 5) declaratory relief.[4] ECF No. 6 at 16. The Court notes that Plaintiff also mentions a "qualified written request" (ECF No. 1 at 2) and alleges that he did not "receive full disclosure of material facts." ECF No. 1 at 10. Thus, Plaintiff could conceivably be attempting to raise claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Section 2605 of RESPA "requires loan servicers of federally related mortgage loans to respond to written inquiries from borrowers known as 'qualified written request(s).'" *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1195 (E.D. Cal. 2010) citing 12 U.S.C. § 2605(e).

The Court will not engage in analyzing speculative claims that Plaintiff may be attempting to assert. The Court is not required to "divine on [its] own whether the complaint could conceivably be amended to state a claim." *Vincent v. Trend Technical Corp.*, 828 F.2d 563, 570 (9th Cir. 1987). The Ninth Circuit "has never suggested that district judges, hierophants though they may be, must guess that a plaintiff really means to sue different people … or for wrongs

---

[4] Declaratory relief is not a cause of action. *See Ajetunmobi v. Clarion Mortg. Capital*, 595 F.App'x 680, 685 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action.").

6

different from those spelled out in the complaint." *State Office of Protection & Advocacy v. Miller*, 65 F.3d 176 (Table), *2 (9th Cir. 1995).  The Court will recommend that the motion to dismiss and for more definite statement be granted.[5]

### C. Leave to Amend

As explained above, Plaintiff fails to state a claim upon which relief may be granted and the Complaint fails to comply with Rule 8.  Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff's complaint is too indefinite to determine that leave to amend would be futile.  If Plaintiff chooses to file an amended complaint, it shall comply with Rule 8.  Additionally, Plaintiff shall comply with Rule 10(b) and state his claims in separately numbered paragraphs.  Plaintiff shall also clearly delineate the claims he is attempting to assert as "counts" or "claims" and set forth sufficient facts to establish a plausible claim as to each cause of action asserted.

To the extent Plaintiff is seeking to assert a fraud-related cause of action, he must plead the fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003).  This is true even where the Court's jurisdiction is based on diversity.  *Id.* ("We therefore reject [plaintiff's] argument that we should refuse to apply Rule 9(b) to his state-law causes of action in this diversity case.").  Even where fraud is not a necessary element of a claim, if the claim is "grounded in fraud" or "sound[s] in fraud," the "pleading of the claim as a whole must satisfy the particularity requirement of Rule 9(b)."  *Id.* at 1103-04.

Plaintiff also appears to complain about the securitization of the loan and claims that Defendant is not the holder of any note or instrument.  ECF No. 1 at 5.  Plaintiff claims that Defendant "was left with less than the entire loan instrument." *Id.* at 6.  To the extent Plaintiff is

---

[5] Given that the Court has determined dismissal is appropriate based on the face of the complaint, the Court need not take judicial notice at this time of the documents submitted by Defendant. ECF No. 7.

attempting make a claim for wrongful foreclosure based on the securitization, or the Note being separated from the deed of trust, Plaintiff should be aware that, "note-splitting is not a defense to foreclosure in California." *Harms v. Bank of New York Mellon*, 2017 WL 6049402 at *7 (N.D. Cal. April 5, 2017). Additionally, courts have stated that "note-splitting is legally impossible under California law." *Id.*, citing *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 927 (2016) ("The deed of trust, moreover, is inseparable from the note it secures, and follows it even without separate assignment."). As the California Supreme Court recognized in *Yvanova*, "a borrower can generally raise no objection to assignment of the note and deed of trust. A promissory note is a negotiable instrument the lender may sell without notice to the borrower." *Id.* at 927.

Plaintiff's amended complaint should be clearly labeled as the "First Amended Complaint" and must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Additionally, in light of Plaintiff's pro se status, the Court advises that forms are available to help self-represented litigants organize their complaint. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms

### D. Plaintiff's Motions

Contemporaneously with the filing of the complaint, Plaintiff filed a two-page "Motion and Suit for Damages." ECF No. 2. The motion does not seek clear relief. It generally repeats the relief sought in the complaint and asks the Court "advance the suit to be adjudicated by a jury." The Court recommends the motion to dismiss be granted, and thus the suit cannot be advanced to jury trial. The Motion is DENIED.

8

On November 21, 2023, Plaintiff filed a "Motion to Set Date". ECF No. 16. The motion requests a date be set for jury trial. Given that this case is at the pleading stage and the Court recommends the motion to dismiss be granted, the request for trial date is DENIED.

### IV.     CONCLUSION

For the aforesaid reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Suit for Damages (ECF No. 2) and "Motion to Set Date" (ECF No. 16) are DENIED; and

2. If Defendant is willing to stipulate that service has been effectuated, Defendant shall file that stipulation **within 14 days**.

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (ECF No. 6) be GRANTED, and Plaintiff's claims against Chase be dismissed with leave to amend; and

2. Plaintiff be directed to file a first amended complaint within 21 days of the District Court's order on these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE