UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BISI, | No. 2:23-cv-02180-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHASE BANK, NA, | |
| Defendant. | |

Plaintiff is proceeding pro se in this action, which is referred to the magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has failed to file a first amended complaint as directed by the Court (ECF No. 31) and has failed to respond to the Court's Order to Show Cause (ECF No. 32). Accordingly, the Court recommends this action be dismissed for failure to prosecute.

I.  Background and Procedural History

Plaintiff filed this action on October 3, 2023. ECF No. 1. Defendant Chase Bank ("Chase") filed a motion to dismiss on October 30, 2023. ECF No. 6. The motion to dismiss was taken under submission by Magistrate Judge Barnes on December 12, 2023. ECF No. 17. The parties initially both consented to Magistrate Judge jurisdiction, however Plaintiff then objected and the matter was reassigned to District Judge Calabretta. ECF No. 24. With Magistrate Judge

1

Barnes' retirement, the case was also reassigned to the undersigned on August 6, 2024, for purposes of issuing findings and recommendations on any dispositive motion.

Plaintiff alleged that on November 14, 2020, he signed loan documents with Mountain West Financial concerning the property at 2801 Huntington Road in Sacramento (hereafter the "Property"). Mountain West then sold the loan to Defendant. ECF No. 1 at 2. Plaintiff alleges "upon information and belief" that Chase did not fulfill its obligation to loan the money. *Id.* Plaintiff states he made a Qualified Written Request ("QWR") to Chase on May 20, 2023. *Id.* Plaintiff claims he received an acceleration warning and Notice of Intent to Foreclose ("Notice") from Chase on August 11, 2023. *Id.* at 3.[1]

Plaintiff claims that when he received the Notice, he hired two "certified forensic investigators" to investigate his loan. *Id.* Plaintiff claims his loan was sold into a securitization pool. *Id.* at 5. Plaintiff alleges Chase is not the holder of the note. *Id.* The allegations of the complaint are unclear, and the complaint contains many citations to case law without context. *Id.* at 7-9. Plaintiff claims that Chase did not loan him money, but instead merely deposited a promissory note and then issued a check. *Id.* at 9-10. Plaintiff alleges in conclusory fashion that he did not "receive full disclosure of material facts" concerning the loan. *Id.* at 10. Plaintiff contends Chase has no right to enforce the debt obligation and seeks as relief release of the mortgage associated with the Property and punitive and compensatory damages.

Plaintiff also attached to the complaint some documents related to his purported QWR. ECF No. 1 at 17-21. He further includes the Affidavit of Joseph R. Esquivel, Jr., who states he is a private investigator and is submitting the affidavit in support of a Chain of Title Analysis & Mortgage Fraud Investigation. ECF No. 1 at 22-29. Mr. Esquivel claims the debt was not properly securitized and the debt obligation was not properly transferred. *Id.* at ¶¶ 18-19, 32-34.[2]

---

[1] Plaintiff has not numbered the paragraphs in his complaint, so the references are to the page number in the upper right-hand corner generated by the Court's CM/ECF system.

[2] The Court expresses no view at this time on the validity of Mr. Esquivel's opinion, but other courts have observed that: "The Federal Trade Commission describes so-called 'forensic loan audits' as a technique used by fraudulent foreclosure 'rescue' professionals who use half-truths and outright lies to sell services that promise relief to homeowners in distress." *Hakimi v. Bank of New York Mellon*, 2015 WL 2097872, *4 n.2 (D. Nevada 2015). Chase points out (ECF No. 6 at

1    Defendant moved to dismiss, arguing that the complaint failed to state a claim under Rule
2    12(b)(6), and alternatively for more definite statement under Rule 12(e). ECF No. 6 at 2-3. On
3    March 4, 2025, this Court issued Findings and Recommendations ("F&Rs") recommending that
4    Defendant's motion to dismiss be granted, and Plaintiff granted leave to amend. ECF No. 27.
5    Plaintiff did not object to the F&Rs, which Judge Calabretta adopted on March 26, 2025. ECF
6    No. 31. Judge Calabretta's order granted the motion to dismiss and stated Plaintiff "shall file any
7    amended complaint within 21 days." ECF No. 31 at 2. Thus, Plaintiff had until April 16, 2025,
8    to file an amended complaint, but did not do so. On April 25, 2025, the undersigned issued an
9    Order to Show Cause ("OSC") why the failure to file an amended complaint should not result in a
10   recommendation that the case be dismissed for failure to prosecute. ECF No. 32. The order
11   further provided: "If Plaintiff fails to timely respond to this order, the Court will recommend
12   dismissal of this case." *Id.* at 2. A response was due by May 9, 2025, and no response was filed.

13    II.    Analysis

14    Plaintiff failed to file an amended complaint as directed, and then failed to respond to the
15   Court's OSC. Plaintiff has filed nothing in this matter since April 24, 2024. ECF No. 23. The
16   Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.
17   1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for
18   failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of
19   litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the
20   availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on
21   their merits. *Id.* at 1260-61.

    **1. Public's interest in expeditious resolution of the litigation**

23   "The public's interest in expeditious resolution of litigation always favors dismissal."
24   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed in October
25   2023. Plaintiff has made no filings in this action for the last year. This factor weighs in favor of

---

25) that several other courts have found Mr. Esquivel to be unreliable. *See McKenzie v. M&T Bank*, 2018 WL 4384164 n.4 (D. Maryland 2018) (noting Mr. Esquivel's affidavit contained "misstatements of facts and applicable law" and collecting other cases that had found Mr. Esquivel's reports to contain inaccurate legal conclusions).

3

dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over a year and a half. The Court has ruled on a motion to dismiss and Plaintiff has failed to comply with recent orders of the Court. Additionally, as discussed below in considering less drastic alternatives, Plaintiff has filed four lawsuits against Chase, three of which concern the same Property. Thus, Plaintiff is consuming the Court's resources in multiple, largely duplicative actions. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendant

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. In addition, as discussed below, Defendant has had to defend multiple suits concerning the same subject matter. Defendant has also already successfully shown that Plaintiff's pleading fails to state a claim on which relief may be granted. Prejudice may consider the "costs or burdens of litigation." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006). This matter cannot proceed without Plaintiff's participation, and this factor weighs in favor of dismissal.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives to dismissal. As detailed above, Plaintiff has failed to comply with two orders of the Court and has filed nothing in this matter for one year. The Court finds that lesser sanctions would be futile given Plaintiff's seeming unwillingness to participate in the litigation. Plaintiff was clearly warned that failing to

respond to the Court's most recent order to show cause would result in a recommendation to dismiss the action. The Court has also considered that Plaintiff has filed three other actions against Chase: 1) 2:23-cv-01994-TLN-CSK; 2) 2:23-cv-02508-TLN-CSK; and 3) 2:25-cv-01075-DJC-SCR.

Plaintiff voluntarily dismissed the first case, 2:23-cv-01994. The Court dismissed the second case, 2:23-cv-02508, for failure to prosecute. And the third case, 2:25-cv-01075, was recently filed on April 11, 2025. Two of these cases involve the same Property at issue here, 2801 Huntington Road, and a loan that allegedly originated in 2020. Case number 2:23-cv-02508 appears to involve an automobile loan by Chase. Given this litigation history, and that Plaintiff has already voluntarily dismissed a case involving the same subject matter, the Court recommends dismissal of the instant case with prejudice. *See also* Fed. R. Civ. P. 41(b) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). Thus, if Plaintiff were to voluntarily dismiss this action, it would operate as a dismissal with prejudice. Instead, Plaintiff has abandoned the action, and the Court recommends dismissal with prejudice for failure to prosecute. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* Moreover, the Court has already found Plaintiff's pleading to be legally deficient and subjection to dismissal under Rule 12(b)(6). Under these circumstances, this factor may be neutral.

III. Conclusion

The Court recommends that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110 for Plaintiff's failure to comply with Court orders and failure

to prosecute this action.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed with prejudice; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE